JAMES J. BURKE, Revisor of Statutes
You advise that, pursuant to see. 13.93 (2) (e), Stats., you serve as the secretary of the Legislative Joint Committee for Review of Administrative Rules. Section 13.56 (2), Stats., provides that this committee ". . . may hold public hearings to investigate complaints with respect to rules if it considers such complaints meritorious and worthy of attention and may, on the basis of the testimony received at such public hearings, suspend any rule complained of by the affirmative vote of at least 6 members. . . ." Since this statute is silent as to any notice requirement for such public hearings, you have requested my opinion as to what kind of notice of these hearings is required, both generally and in several *Page 300 
specific situations. Because of pending litigation, this opinionassumes, without actually considering the matter, that sec.13.56, Stats., constitutes a valid delegation of legislativepower.
Although sec. 13.56 (2), Stats., contains no specific notice requirement for the public hearings which may be held under that section, this does not necessarily mean that no notice of these hearings is necessary. The importance of public notice in a representative government is well recognized in this state. For example, notice was viewed as an integral part of the public meeting process by my predecessor in 54 OAG i. That opinion dealt with sec. 14.90, Stats., the anti-secrecy law, which has been renumbered sec. 66.77 by ch. 276, sec. 62, Laws of 1969. Subsection (2) of that law read in pertinent part:
". . . all meetings of all state and local governing and administrative bodies, boards, commissions, committees and agencies . . ., unless otherwise expressly provided by law, shall be publicly held and open to all citizens at all times, except as hereinafter provided. . . ." Sec. 14.90 (2), Stats.
In discussing the anti-secrecy law, the opinion stated:
". . . The question naturally arises whether a meeting, concerning which the public has received no notice and no information whatsoever, is publicly held and open to members of the public within the meaning of the statute.
"It is my opinion that a meeting is not publicly held if the public receives no notice of the meeting. A meeting secretly called, though `open to the public', violates the spirit of the anti-secrecy law and is, in my opinion, a violation of the intent and purpose of the law.
"The statute does not specifically require that notice of a meeting be given. The statute does, however, impose a duty on the public agencies to make meetings public. This duty is not complied with by merely keeping the doors of the meeting room open. The spirit of the law requires the agency concerned to take some additional positive steps to inform the public of the fact that the meeting is being held in order to give members of the public a fair opportunity to attend." 54 OAG, at iii, iv. *Page 301 
Advance notice would seem to be even more important to the public hearing process than to the public meeting process for without such advance public notice interested members of the public may have no fair opportunity to attend the hearing and to express their views. Such a result would be contradictory to the very purpose of a public hearing. As is stated in the committee note to sec. 227.021, Stats., which defines a specific notice procedure for public hearings held as part of an agency's rule-making process, ". . . Advance public notice is one of the essential characteristics of a public hearing. . . ." (W.S.A. 227.021). Because of the foregoing I believe that a hearing called by the Committee for Review of Administrative Rules under13.56 (2) should be preceded by notice in order to be "public" within the meaning of that section.
You have inquired as to what kind of notice is proper for these hearings. You indicate that the committee has attempted to provide advance notice to the public but that there are problems with certain forms of notice. For instance, you believe the Administrative Register is not a satisfactory answer to giving notice because its issuance is often delayed, it is issued only once a month, and it goes to a limited mailing list. And although you feel the legislative hearing bulletins give better notice, they provide you no chance to check the notice's accuracy.
Of course no single form of giving notice of hearings is entirely satisfactory. In the absence of specific statutory notice requirements, the question to consider with regard to any particular public hearing held by the Committee would seem to be whether the form of notice was reasonable under all the circumstances. This will often have to be determined after the fact.
In order to ensure that notice to the public is adequate, however, I would suggest that you concurrently employ several of the notice forms utilized for other public hearings. For instance, notice can be published in the Administrative Register, as required for agency rule-making under sec. 227.021, Stats., if there is sufficient time. This can be supplemented by posting on legislative bulletin boards and by publication in legislative hearing bulletins, two forms of notice required for the committee hearings of each house under Assembly Rule 25 and Senate Rules 25 and 26. In addition, notice to representatives of the news media would seem to be an important *Page 302 
step toward ensuring that the general public is informed of any public hearing to be held. Finally, just as an administrative agency under sec. 227.021 (1) (c), Stats., is required to "Take such other steps as it deems necessary to convey effective notice to persons who are likely to have an interest in the proposed rule-making," I would suggest that the committee consider providing specific notice to those persons likely to have a particular interest in the rules in question. A list of such persons could undoubtedly be obtained from the agency which adopted the rules, since that agency should be aware of, at the very least, those parties who actually participated in the rule making process.
You also inquire about three specific fact situations which are as follows:
1. Assuming that you give notice of a public hearing before the committee by posting on the bulletin boards and by publication in the hearing bulletins and that the posted copies were correct but the notice in the hearing bulletin was not, can the committee proceed?
2. What kind of notice is required if the committee believes an emergency exists and does not feel it can wait the 8 or 9 days needed to have a notice published in the hearing bulletins?
3. What kind of notice is required if the committee wishes to hold a hearing at a time of year when no hearing bulletins are published because the legislature is not in session?
With regard to your first question, since there appears to be no specific requirement that notice of the hearing be published in the legislative hearing bulletin, an error in that published notice would not necessarily defeat the jurisdiction of the committee to suspend rules solely on the basis of testimony received at such a hearing. Whether such a hearing was "public" within the meaning of sec. 13.56 (2) would seem to depend on a determination as to whether the other forms of notice provided were sufficiently effective under the particular circumstances to apprise interested parties of the hearing in advance. It would, therefore, be advisable always to employ several forms of notice concurrently in order to minimize the possible effect of an error in any one particular form of notice.
With regard to the second and third situations you pose, your inability to use hearing bulletins would not prevent you from *Page 303 
employing such forms of notice as posting notice on the legislative bulletin boards, informing representatives of the news media of the hearing, and contacting parties having an obvious interest in the subject matter of the hearing. You might consider serving notice of the hearing on representatives of the news media and interested parties in the same manner as you serve notice of the hearing on the members of the committee.
In conclusion, I wish to reiterate that in the absence of a statute or committee rules setting out the notice procedures for public hearings held under sec. 13.56 (2), I cannot prescribe specific notice requirements for each set of circumstances which may occur. Whether the notice given in any particular situation is sufficient will often have to be judged after the fact. Obviously, no form of notice is completely adequate to ensure that all parties having a potential interest in the subject matter of the hearing will be timely advised. However, by tailoring the various forms of notice discussed herein to the particular circumstances of each hearing, and by using several forms concurrently, it is my opinion that the committee can take a significant step toward ensuring that its hearings are truly "public" within both the letter and spirit of the law.
RWW:WCW